1  Lynette Gridiron Winston (#151003)
     lwinston@afrct.com
2  ANGLIN, FLEWELLING, RASMUSSEN,
     CAMPBELL & TRYTTEN LLP
3  199 South Los Robles Avenue, Suite 600
   Pasadena, California  91101-2459
4  Tel:  (626) 535-1900 | Fax:   (626) 577-7764

5
   Attorneys for Defendant
6  WELLS FARGO BANK, N.A., successor
   by merger with Wells Fargo Bank
7  Southwest, N.A., f/k/a Wachovia
   Mortgage, FSB, f/k/a WORLD SAVINGS
8  BANK, FSB (also erroneously sued
   separately as WORLD SAVINGS BANK,
9  FSB) ("Wells Fargo")

10

11            UNITED STATES DISTRICT COURT

12            CENTRAL DISTRICT OF CALIFORNIA

13

14  MARQUES D. HOUSTON, an individual;   CASE NO.: CV13-9431 CAS (FFMx)
    ALMA J. HOUSTON, an individual,
15                                       **REPLY IN SUPPORT OF**
16              Plaintiffs,              **DEFENDANT WELLS FARGO'S**
                                         **MOTION TO DISMISS FIRST**
17         v.                            **AMENDED COMPLAINT;**
                                         **MEMORANDUM OF POINTS AND**
18                                       **AUTHORITIES**
19  WELLS FARGO BANK, N.A., A
20  National Association; WORLD SAVINGS
    BANK, FSB, a Federal Savings Bank; and   Date:    March 10, 2014
21  DOES 1 through 50, inclusive,            Time:    10:00 a.m.
                                             Ctrm:    5
22
                Defendants.
23                                       *[Assigned to the Hon. Christina A.*
24                                       *Snyder, District Judge]*

25

26       Defendant WELLS FARGO BANK, N.A., successor by merger with Wells

27  Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings

28  Bank, FSB (also erroneously sued separately as WORLD SAVINGS BANK, FSB)

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    ("Wells Fargo"), respectfully submits the following reply to plaintiffs' opposition (the

2    "Opposition" or "Opp.") to Wells Fargo's previously filed motion to dismiss plaintiffs'

3    First Amended Complaint (the "Motion" or "Mtn.").

4    Respectfully submitted,

5    Dated: February 24, 2014          ANGLIN, FLEWELLING, RASMUSSEN,
                                        CAMPBELL & TRYTTEN LLP
6

7                                      By:    /s/ Lynette Gridiron Winston
                                            Lynette Gridiron Winston
8                                           lwinston@afrct.com
                                        Attorneys for Defendant
9                                       WELLS FARGO BANK, N.A., successor by
                                        merger with Wells Fargo Bank Southwest,
10                                      N.A., f/k/a Wachovia Mortgage, FSB, f/k/a
                                        WORLD SAVINGS BANK, FSB (also
11                                      erroneously sued separately as WORLD
                                        SAVINGS BANK, FSB)
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# TABLE OF CONTENTS

Page

1.  PLAINTIFFS' STATE LAW CLAIMS ARE PREEMPTED BY HOLA ........................................................................................ 1

    A.  HOLA Preemption Applies To Wells Fargo Post-Merger. ........................ 1

    B.  The Dodd-Frank Act Does Not Affect HOLA's Preemption. .................... 2

    C.  Plaintiffs' State Law Claims Are Preempted By HOLA. ......................... 2

2.  PLAINTIFFS FAIL TO STATE A CLAIM FOR LACK OF STANDING .................................................................................... 3

3.  PLAINTIFFS FAIL TO STATE A CLAIM FOR WRONGFUL FORECLOSURE UNDER CIVIL CODE § 2923.55 .......................................... 6

4.  PLAINTIFFS FAIL TO STATE A CLAIM UNDER CIVIL CODE § 2924.17 .................................................................................. 7

5.  PLAINTIFFS FAIL TO ALLEGE A VIOLATION OF CIVIL CODE § 2923.7 ................................................................................... 8

6.  PLAINTIFFS FAIL TO STATE A CLAIM UNDER RESPA ........................ 9

    A.  The June 26, 2013 Letter Is Not An Actionable QWR. ............................. 9

7.  PLAINTIFFS FAIL TO STATE A CLAIM FOR FRAUD IN THE INDUCEMENT .................................................................. 11

8.  PLAINTIFFS' BREACH OF IMPLIED COVENANT CLAIM FAILS ................................................................................. 13

9.  PLAINTIFFS FAIL TO STATE A VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 ET SEQ. .................................................. 14

10. PLAINTIFFS' CLAIM FOR DECLARATORY RELIEF FAILS .................. 14

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1

11.   PLAINTIFFS FAIL TO STATE A CLAIM FOR QUIET TITLE ................... 15

2

12.   CONCLUSION ................................................................................. 17

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*Agustin v. PNC Fin. Servs. Grp., Inc.*
707 F. Supp. 2d 1080 (D. Haw. 2010)........................................................ 10

*Allen v. United Fin. Mortg. Corp.*
660 F. Supp. 2d 1089 (N.D. Cal. 2009).................................................... 10

*Andrade v. Wachovia Mortg.*
2009 U.S. Dist. LEXIS 34872 (S.D. Cal. Apr. 21, 2009) ........................... 3

*Ashcroft v. Iqbal*
556 U.S. 662, 129 S.Ct. 1937 (2009).......................................................... 5

*Associated Gen. Contractors of Am. v. Metro. Water Dist.*
159 F.3d 1178 (9th Cir. 1998) .................................................................... 5

*Babb v. Wachovia Mortg.* FSB
2013 U.S. Dist. LEXIS 106228 (C.D. Cal. July 26, 2013)........................... 2

*Bernardi v. JPMorgan Chase Bank, N.A.*
2012 U.S. Dist. LEXIS 1951 (N.D. Cal. Jan. 6, 2012)................................ 6

*Bucy v. Aurora Loan Servs., LLC*
2011 U.S. Dist. LEXIS 28191, 2011 WL 1044045 (S.D. Ohio Mar. 18, 2011) ......... 8

*Cerecedes v. U.S. Bankcorp*
2011 U.S. Dist. LEXIS 75559 (C.D. Cal. July 11, 2011).................................... 14, 7

*Cornell v. New Century Mortg. Corp.*
2013 U.S. Dist. LEXIS 150391 (E.D. Cal. Oct. 18, 2013)........................... 4

*Davis v. World Savs. Bank, FSB*
806 F. Supp. 2d 159 (D.D.C. 2011)....................................................... 2, 3

*Diunugala v. JP Morgan Chase Bank, N.A.*
2013 U.S. Dist. LEXIS 144326 (S.D. Cal. Oct. 3, 2013)............................. 3

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Garcia v. Ocwen Loan Serv'g, LLC*
   2010 U.S. Dist. LEXIS 45375 (N.D. Cal. May 6, 2010)............................................ 12

*Garcia v. Wachovia Mortg. Corp.*
   676 F. Supp. 2d 895 (C.D. Cal. 2009) ........................................................................ 3

*Gorton v. Wells Fargo Bank, N.A.*
   2012 U.S. Dist. LEXIS 168158 (C.D. Cal. Nov. 27, 2012) ................................... 1, 3

*Javaheri, v. JPMorgan Chase Bank, N.A.*
   2012 U.S. Dist. LEXIS 114510 (C.D. Cal. Aug. 13, 2012) ..................................... 15

*Jelsing v. MIT Lending*
   2010 U.S. Dist. LEXIS 68515 (S.D. Cal. July 9, 2010) .......................................... 10

*Marquez v. Wells Fargo Bank, N.A.*
   2013 U.S. Dist. LEXIS 131364 (N.D. Cal. Sept. 13, 2013) ................................... 2, 3

*Mata v. Wells Fargo Bank, N.A.*
   2013 U.S. Dist. LEXIS 108197 (C.D. Cal. July 31, 2013)................................. 1, 2, 3

*Naranjo v. SBMC Mortgage*
   2012 U.S. Dist. LEXIS 103735 (S.D. Cal. July 24, 2012) ..................................... 3, 4

*Newman v. Bank of N.Y. Mellon*
   2013 U.S. Dist. LEXIS 147562 (E.D. Cal. Oct. 11, 2013)......................................... 3

*Nguyen v. Wells Fargo Bank, N.A.*
   749 F. Supp. 2d 1022 (N.D. Cal. 2010) ...................................................................... 3

*Pazargad v. Wells Fargo Bank, N.A.*
   2011 U.S. Dist. LEXIS 94850 (C.D. Cal. Aug. 23, 2011) ...................................... 15

*Reyes v. Wells Fargo Bank, N.A.*
   2011 U.S. Dist. LEXIS 2235 (N.D. Cal. Jan. 3, 2011)............................................ 12

*Rosenfeld v. JPMorgan Chase Bank, N.A.*
   732 F. Supp. 2d 952 (N.D. Cal. 2010) ...................................................................... 16

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Santos v. Countrywide Home Loans*
   2009 U.S. Dist. LEXIS 103453 (E.D. Cal. Nov. 6, 2009).........................15

*Settle v. World Sav. Bank, F.S.B.*
   2012 U.S. Dist. LEXIS 4215 (C.D. Cal. Jan. 11, 2012) ...............................2

*Swartz v. KPMG LLP*
   476 F.3d 756 (9th Cir. 2007) ...................................................................15

*Tasaranta v. Homecomings Fin.*
   2009 U.S. Dist. LEXIS 87372 (S.D. Cal. Sept. 21, 2009).........................10

*Toneman v. United States Bank*
   2013 U.S. Dist. LEXIS 98996 (C.D. Cal. June 13, 2013) ...........................6

*U.S. Care, Inc. v. Pioneer Life Ins. Co.*
   244 F. Supp. 2d 1057 (C.D. Cal. 2002) ...................................................17

*United States v. Washington*
   759 F.2d 1353 (9th Cir. 1985) .................................................................15

*Wende v. Countrywide Home Loans*
   2012 U.S. Dist. LEXIS 25503 (S.D. Cal. Feb. 28, 2012)............................9

*Williams v. Wells Fargo Bank, N.A.*
   2014 U.S. Dist. LEXIS 17215 (C.D. Cal. Jan. 27, 2014) ............................2

*Williams v. Wells Fargo Bank, N.A. et al.*
   2013 U.S. Dist. LEXIS 68615 (Carter, J. C.D. Cal. May 13, 2013) ....................1, 14

*Winding v. Cal-Western Reconveyance Corp.*
   2011 U.S. Dist. LEXIS 8962 (E.D. Cal. Jan. 21, 2011) ..............................3

### STATE CASES

*Aguilar v. Bocci*
   39 Cal. App. 3d 475 (1974) .......................................................................16

*Akopyan v. Wells Fargo Home Mortg., Inc.*
   215 Cal. App. 4th 120 (2013) ......................................................................1

CASE NO.: CV13-9431 CAS (FFMX)
REPLY IN SUPPORT OF DEF. WELLS FARGO'S
MOTION TO DISMISS FAC

*Cal. Ins. G'tee Assn. v. Sup. Ct.*
231 Cal. App. 3d 1617 (1991) ........................................................ 15

*Fontenot v. Wells Fargo Bank, N.A.*
198 Cal. App. 4th 256 (2011) .......................................................... 6

*Glaski v. Bank of America, N.A.*
218 Cal. App. 4th 1079 (2013) .............................................. 3, 4, 14

*Mabry v. Superior Court*
185 Cal. App. 4th 208 (2010) .......................................................... 7

*Neu-Visions Sports v. Soren*
86 Cal. App. 4th 303 (2000) .......................................................... 12

*Ochs v. PacifiCare of Cal.*
115 Cal. App. 4th 782 (2004) ........................................................ 15

*Padgett v. Phariss*
54 Cal. App. 4th 1270 (1997) ........................................................ 12

*Rossberg v. Bank of America*
219 Cal. App. 4th 1481 (Cal. App. 4th Dist. 2013) ..................... 4, 12

*Shimpones v. Stickney*
219 Cal. 637 (1934) ...................................................................... 16

*Touli v. Santa Cruz County Title Co.*
20 Cal. App. 2d 495 (1937) ........................................................... 13

## **Federal Statutes**

12 U.S.C. § 2605(f)(1) .................................................................. 10

12 U.S.C. § 5553 ............................................................................ 2

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

## STATE STATUTES

Cal. Bus. & Prof. Code § 17200 ........................................................................ 14

Cal. Civ. Code § 1689 .................................................................................... 13

Cal. Civ. Code § 1691 .................................................................................... 13

Cal. Civ. Code § 2923.5 ........................................................................... 1, 3, 6

Cal. Civ. Code § 2923.5(b) ............................................................................. 7

Cal. Civ. Code § 2923.5(c) ............................................................................. 7

Cal. Civ. Code § 2923.7 ............................................................................. 8, 9

Cal. Civ. Code § 2923.7(a) ............................................................................. 8

Cal. Civ. Code § 2923.55 ....................................................................... 6, 7, 15

Cal. Civ. Code § 2924 .................................................................................... 15

Cal. Civ. Code § 2924.17 ....................................................................... 3, 7, 8

## RULES

Fed. R. Civ. P. 9(b) ...................................................................................... 11

## REGULATIONS

12 C.F.R. § 560.2(b)(4) ................................................................................. 3

12 C.F.R. § 560.2(b)(9) ................................................................................. 3

12 C.F.R. § 560.2(b)(10) ............................................................................... 3

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1

## <u>OTHER AUTHORITIES</u>

5 Witkin, Summary of Cal. Law Torts § 774 (10th Ed. 2008).....................................12

5 Witkin, Summary of Cal. Law (9th ed. 1988) ...........................................................11

viii

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1.     **PLAINTIFFS' STATE LAW CLAIMS ARE PREEMPTED BY HOLA**

**A.     HOLA Preemption Applies To Wells Fargo Post-Merger.**

Plaintiffs incorrectly contend that Wells Fargo does not operate under HOLA because it is not a federal savings association.  (Opp. pp. 8:9-9:9).  However, numerous courts have held that HOLA preemption applies to conduct by Wells Fargo after the merger regarding loans originated by World Savings Bank, FSB.  In particular, the California Court of Appeal held that HOLA preemption extends to loans originated by a federal savings bank even after the loans are sold or assigned to an entity or investor not entitled to preemption.  *Akopyan v. Wells Fargo Home Mortg., Inc.*, 215 Cal. App. 4th 120, 143-148 (2013).  Moreover, in *Williams v. Wells Fargo Bank, N.A. et al.*, 2013 U.S. Dist. LEXIS 68615 (Carter, J. C.D. Cal. May 13, 2013), the Court held that a post-merger claim under California Civil Code section 2923.5 was preempted under HOLA: "The same HOLA preemption analysis applies even after the FSB merges into a national bank, as long as the mortgage originated with an FSB."  *Id*. at *9 (*citing Castillo v. Wachovia Mortgage,* 2012 U.S. Dist. LEXIS 50926, at *5 (N.D. Cal. April 11, 2012) and *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1126 (N.D. Cal. 2010)). The *Williams* opinion is in line with other recent cases in the Central District.  For example, in *Gorton v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS 168158 (C.D. Cal. Nov. 27, 2012), the Court held that "[t]he relevant preemption analysis is unaltered by the merger of Wachovia [] with Wells Fargo…HOLA preemption continues to apply to loans originated by a federal savings bank even after those banks are merged into national banking associations."  *Id*. at *12 (citing *Castillo, supra*, and *DeLeon, supra*).

In *Mata v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 108197 (C.D. Cal. July 31, 2013), the court noted that the deed of trust "states that the instrument 'shall be governed under federal law and federal rules and regulations including those for federally chartered savings institutions.'"  *Id*. at *11.

Plaintiffs contracted with a Federal Savings Bank.  Further, the parties agreed to be bound by such laws under the terms of the trust deed.  Thus, HOLA preemption applies in this case.

*Id.* at *12. "The fact that World Savings Bank merged in Wachovia and later merged into Wells Fargo does not render HOLA inapplicable." *Id.* at *11-*12.[1] Here, plaintiffs also contracted with a federal savings bank and agreed to be bound by federal laws, rules and regulations. (RJN Exh. A - Note, p. 1 ¶I.C. & p. 6 ¶12; *see also* RJN Exh. B - Deed of Trust, p. 1 ¶1.(C) & p. 9 ¶15). Thus, it is clear that HOLA preemption applies to plaintiff's loan and may be asserted by Wells Fargo as to conduct after the merger.

**B.      The Dodd-Frank Act Does Not Affect HOLA's Preemption.**

Plaintiffs' attempt to claim that the Dodd-Frank Act negates HOLA (Opp. p. 9:20-28) is also incorrect. *See Davis v. World Savs. Bank, FSB,* 806 F. Supp. 2d 159, 167 (D.D.C. 2011) ("The new regulation, however, does not govern this case because regulations, like statutes, cannot be applied retroactively absent express direction from Congress. Congress did not direct retroactive application of the new regulation, and the Dodd-Frank Act provided that section 1465 of Title 12 was enacted and amended effective on the transfer date, i.e. July 21, 2011. [HOLA] Section 560.2 governs here because it was the regulation in effect when the parties entered into the Pick-a-Payment mortgage loan transaction."); *Williams v. Wells Fargo Bank, N.A.*, 2014 U.S. Dist. LEXIS 17215, at *30-*31 (C.D. Cal. Jan. 27, 2014) ("Dodd-Frank limited the applicability of this new preemption regime to contracts entered into after the Act's enactment. 12 U.S.C. § 5553."); *Settle v. World Sav. Bank, F.S.B.*, 2012 U.S. Dist. LEXIS 4215, at *41-*42 (C.D. Cal. Jan. 11, 2012) ("Section 1043 of the statute specifically states that contracts formed prior to the passage of Dodd-Frank will be governed by the rules and regulations in place prior to its enactment."). Here, plaintiffs' loan was formed in 2007. Thus, the Dodd-Frank Act does not apply.

**C.      Plaintiffs' State Law Claims Are Preempted By HOLA.**

Plaintiffs' Opposition does not specifically address the effect of HOLA on their

---

[1] *See also, Marquez v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 131364 (N.D. Cal. Sept. 13, 2013); *Babb v. Wachovia Mortg.*, FSB, 2013 U.S. Dist. LEXIS 106228, at *11-*13 (C.D. Cal. July 26, 2013).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

state law claims.  As briefed in the Motion, plaintiffs' first, sixth, eighth and ninth claims for relief challenge the "sale or purchase of, or investment or participation in, mortgages" and are therefore preempted under 12 C.F.R. § 560.2(b)(10).  *Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, at 1031-1033 (N.D. Cal. 2010); *Winding v. Cal-Western Reconveyance Corp.*, 2011 U.S. Dist. LEXIS 8962, at \*33-\*34 (E.D. Cal. Jan. 21, 2011).  Plaintiffs' second, third, fourth and eighth claims for relief are based on alleged violations of HBOR, particularly Civil Code §§ 2923.5, 2923.7 and 2924.17, and are also preempted by HOLA.  *Gorton, supra,* 2013 U.S. Dist. LEXIS 86006, at \*7-\*12; *Mata , supra,* 2013 U.S. Dist. LEXIS 108197, at \*7-\*18; *Marquez, supra*, 2013 U.S. Dist. LEXIS 131364, at \*13-\*15.  Finally, plaintiffs' sixth claim relates to disclosures made or omitted during loan origination regarding material facts and loan terms, including the interest rate, and is preempted by 12 C.F.R. § 560.2(b)(4), (9) and (10).  *Davis, supra,* 806 F. Supp. 2d at 167; *Garcia v. Wachovia Mortg. Corp.*, 676 F. Supp. 2d 895, 913 (C.D. Cal. 2009); *Andrade v. Wachovia Mortg.*, 2009 U.S. Dist. LEXIS 34872, at \*8 (S.D. Cal. Apr. 21, 2009).

### 2.   PLAINTIFFS FAIL TO STATE A CLAIM FOR LACK OF STANDING

In their Opposition, plaintiffs rely primarily on the Fifth District California Court of Appeal decision in *Glaski v. Bank of America, N.A.,* 218 Cal. App. 4th 1079 (2013) and a Southern District Court decision in *Naranjo v. SBMC Mortgage,* 2012 U.S. Dist. LEXIS 103735 (S.D. Cal. July 24, 2012) to support their claim for lack of standing.  (Opp. pp. 10:2-13:5).  However, plaintiffs' reliance on these cases is inapposite.  Both of those decisions are very much minority views vastly outweighed by the overwhelming majority of state and federal courts that have dismissed similar securitization claims as a matter of law.  *See* Motion at pp. 6:8-8-21).  This Court should decline to follow the outlier *Glaski* and *Naranjo* decisions, as have other state and federal courts.  Indeed, "no courts have followed *Glaski,* and *Glaski* is in a clear minority on this issue. . . . [T]his court will continue to follow the majority rule."  *Newman v. Bank of N.Y. Mellon*, 2013 U.S. Dist. LEXIS 147562, at \*9 n.2 (E.D. Cal. Oct. 11, 2013); *see also Diunugala v. JP*

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Morgan Chase Bank, N.A.,* 2013 U.S. Dist. LEXIS 144326 (S.D. Cal. Oct. 3, 2013) (rejecting both reasoning and application of *Glaski*); *Cornell v. New Century Mortg. Corp.*, 2013 U.S. Dist. LEXIS 150391, at *5 (E.D. Cal. Oct. 18, 2013) ("*Glaski* appears to reflect a minority view"); *Rossberg v. Bank of America*, 219 Cal. App. 4th 1481, 1493 (Cal. App. 4th Dist. 2013) ("A trustor-debtor seeking to prevent a nonjudicial foreclosure based on the foreclosing entity's purported lack of authority therefore must 'affirmatively' plead facts demonstrating a lack of authority.  A trustor-debtor may not bring a preemptive lawsuit seeking to force the foreclosing entity to prove its authority before it conducts a nonjudicial foreclosure.  Allowing a judicial action to prevent a nonjudicial foreclosure without specific factual allegations showing a lack of authority would unnecessarily interject the courts into [the] comprehensive nonjudicial scheme created by the Legislature, and would be inconsistent with the policy behind nonjudicial foreclosure of providing a quick, inexpensive and efficient remedy.") (citations and internal quotations omitted).  These cases, and those cited in Wells Fargo's Motion, represent the "clear" majority view among California's state and federal courts.

*Glaski* and *Naranjo* are also readily distinguishable.  In both cases, there was no dispute that the loan had been assigned from the original lender to a securitized trust, as evidenced by specific allegations of such assignments and judicially noticeable documents, but the manner of and participants in that transfer were unclear.  In *Glaski,* the plaintiff apparently offered detailed factual allegations bolstered by the conflicting recorded foreclosure notices.  *See Glaski*, 218 Cal. App. 4th at 1085-87.  *See also Naranjo,* 2012 U.S. Dist. LEXIS 103735, at *1-*5.  Here, by contrast, the securitization claims rest entirely upon the following conclusion: "Plaintiffs are informed and believe and thereon allege that at the time Defendants caused the Notice of Default to be recorded through commencement of foreclosure proceedings against Plaintiffs' property, the First Deed of Trust was securitized and split from the First Promissory Note and was transferred into multiple classes of the WORLD SAVINGS BANK REMIC 31."  (FAC ¶30).  There are no specific factual allegations or judicially noticeable documents

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

supporting any assignment of plaintiffs' loan to the alleged securitized trust.  Plaintiffs' claim is based on sheer speculation, which is not entitled to an acceptance as truth.  *See Associated Gen. Contractors of Am. v. Metro. Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998) ("conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss.").  Thus, courts are not bound to accept as true allegations that are legal conclusions, even if cast in the form of factual allegations.  *Ashcroft v. Iqbal*, 556 U.S. 662, 884, 129 S.Ct. 1937 (2009).  Further, nowhere in the FAC, do plaintiffs allege that the securitized trust, World Savings REMIC 31 trust, or its trustee, initiated or participated in the foreclosure proceedings.  Nor do any of the foreclosure documents refer to or name a securitized trust or the trustee of a securitized trust.  In fact, plaintiffs allege that Wells Fargo authorized NDEX West, LLC to initiate foreclosure proceedings.  (FAC ¶¶41-43).  The recorded foreclosure documents reflect this authorization and the fact that Wells Fargo was the beneficiary by virtue of the name changes and merger.  (RJN Exhs. D & E).  Plaintiffs do not challenge the succession of World Savings Bank, FSB to Wachovia Mortgage, FSB to Wells Fargo Bank, N.A. through name change and merger, as set forth in judicially noticeable documents.  (RJN Exh. C).  Thus, Wells Fargo became the beneficiary as a successor-in-interest through merger, not by any assignment to a securitized trust.  (Mtn. pp. 5:17-6:3; RJN Exhs. A-C).  Hence, there is no factual basis for plaintiffs' conclusion that Wells Fargo lacks standing to foreclose.

Furthermore, in this case, the lack of standing argument is thoroughly implausible.  Plaintiffs contend that Wells Fargo has no rights vis-à-vis the loan; yet plaintiffs also allege that (1) they received a trial period plan modification from a division of Wells Fargo (FAC ¶18), (2) they repeatedly contacted Wells Fargo for a loan modification (FAC ¶¶31-33), and (3) Wells Fargo failed to contact them to discuss their financial situation prior to foreclosing (FAC ¶¶31-33).

Finally, plaintiffs contend that the assignment to the securitized trust is void.  (Opp. p. 12:8-9).  Even if there was an assignment, which there was not, and it is void,

1  that does not affect Wells Fargo's authority to foreclose.  As briefed in the Motion (at

2  pp. 8:22-9:26), and as stated by the Court in *Toneman v. United States Bank*, 2013 U.S.

3  Dist. LEXIS 98996, at *28-*32 (C.D. Cal. June 13, 2013), "**even if plaintiffs are**

4  **correct that the loan was not timely transferred to the trust, 'that does not mean**

5  **that the owner of the note and deed of trust could not therefore foreclose;' rather,**

6  **'[t]hat would simply mean that the loan was not put into the trust (i.e., the**

7  **investment vehicle).'"**  Here, Wells Fargo's ownership of the loan has nothing to do

8  with the alleged securitized trust.  Wells Fargo owns plaintiffs' loan as a result of a

9  merger with Wachovia Mortgage, formerly World Savings.  (RJN Exh. C).  Plaintiffs

10  admit they obtained the loan from World Savings and executed a Note and Deed of

11  Trust.  (FAC  ¶14).  Thus, as the successor in interest to World Savings, Wells Fargo has

12  absolute authority to foreclose following plaintiffs' default.  Hence, plaintiffs' claim for

13  lack of standing fails and should be dismissed without leave to amend.  *See Fontenot v.*

14  *Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011); *Bernardi v. JPMorgan*

15  *Chase Bank, N.A.*, 2012 U.S. Dist. LEXIS 1951, at *5 (N.D. Cal. Jan. 6, 2012).

### 3.  <u>PLAINTIFFS FAIL TO STATE A CLAIM FOR WRONGFUL</u>
### <u>FORECLOSURE UNDER CIVIL CODE § 2923.55</u>

18  The Opposition does nothing to salvage plaintiffs' defective claim under Civil

19  Code § 2923.55.  In addition to being preempted by HOLA, plaintiffs' own allegations

20  show that Wells Fargo assessed plaintiffs' financial situation and explored options to

21  avoid foreclosure.  (FAC ¶22).  Thus, there were no violation of § 2923.55.

22  Further, plaintiffs' contention that the declaration of compliance attached to the

23  Notice of Default is not evidence of compliance is misleading.  (Opp. pp. 14:3-15:7).

24  Wells Fargo discusses the declaration in direct response to plaintiffs' claim that Wells

25  Fargo violated § 2923.55(c) because the declaration attached to the Notice of Default is

26  a form declaration that does not (1) provide specific "facts as to the date and time of

27  such 'contact'", (2) state the name of the representative who made contact with

28  plaintiffs, or (3) establish that the declarant has personal knowledge of such facts.  (FAC

*ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP*

1    ¶69).

2         Indeed, plaintiffs do not address any of the authority cited by Wells Fargo stating

3    that a declaration indicating compliance is all that is required prior to recording the

4    notice of default, and that the declaration does not have to specify the attempts to contact

5    the plaintiffs or be based on personal knowledge.  *See* Civ. Code § 2923.55(c); *Mabry v.*

6    *Superior Court*, 185 Cal. App. 4th 208, 233, 235 (2010) (court held that a declaration

7    under former § 2923.5 is only required to track the language of the statute; it is not

8    required to be custom-drafted or explain the efforts made to contact the borrower or be

9    based on personal knowledge).  Thus, plaintiffs fail to state a violation of Civil Code §

10   2923.55 based on the declaration attached to the Notice of Default.

11   **4.    PLAINTIFFS FAIL TO STATE A CLAIM UNDER CIVIL CODE § 2924.17**

12        Plaintiffs' Opposition to Wells Fargo's motion to dismiss the third claim for

13   violation of Civil Code § 2924.17 does nothing to salvage this claim.  Plaintiffs contend

14   that Wells Fargo violated § 2924.17 by failing to provide them with documents

15   requested in a purported Qualified Written Request.  (Opp. pp. 15:8-16:15).  Yet,

16   plaintiffs fail to explain how not providing them with a copy of the Note and Deed of

17   Trust shows that Wells Fargo did not have competent and reliable evidence to

18   substantiate their default and right to foreclose.  As discussed in the Motion, such

19   contention does not state a violation of § 2924.17.

20        Moreover, plaintiffs do not allege any facts showing that Wells Fargo did not

21   review competent and reliable evidence to substantiate their default and the right to

22   foreclose.  *See Cerecedes v. U.S. Bankcorp*, 2011 U.S. Dist. LEXIS 75559, at *18 (C.D.

23   Cal. July 11, 2011) (the Court dismissed a § 17200 claim based on conclusory robo-

24   signing allegations, stating: "However, Rule 9(b) and *Twombly* require plaintiffs to set

25   forth more than bare allegations of "robo-signing" without any other factual support.

26   Perhaps more importantly, plaintiffs do not dispute that they defaulted on their loan or

27   that they received the notices required by Cal. Civ. Code § 2924.  Under these

28   circumstances, the Court cannot say that plaintiffs state a claim under either the

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

fraudulent or unlawful prong of the UCL.")  (citing *Orzoff v. Bank of America, N.A.*,
2011 U.S. Dist. LEXIS 44408, 2011 WL 1539897, at *2-3 (D. Nev. Apr. 22, 2011)
(holding that plaintiff failed to state a claim that trustee breached its duty by 'robo-
signing' documents related to plaintiff's loan where plaintiff did not dispute that she
defaulted on her mortgage or that she received required notices); *Bucy v. Aurora Loan
Servs.*, *LLC*, 2011 U.S. Dist. LEXIS 28191, 2011 WL 1044045, at *6 (S.D. Ohio Mar.
18, 2011) (plaintiff failed to state a claim for fraud based on purported 'robo-signing'
where 'Plaintiff d[id] not dispute the accuracy of any of the salient facts, such as the
amount owed or the amount in default.').  Here, plaintiffs' do not question their default,
and in fact, allege that they suffered a significant reduction in their income and sought
assistance from Wells Fargo so that they could continue to make their loan payments,
but to no avail.  Plaintiffs allege that collection efforts were pursued and demands were
made for plaintiffs to bring their account current.  (FAC ¶¶31-34).  Plaintiffs do not deny
that they defaulted on their loan payments.  Hence, there are no factual allegations in the
FAC to support a claim that Wells Fargo violated Civil Code § 2924.17.

### 5.   **PLAINTIFFS FAIL TO ALLEGE A VIOLATION OF CIVIL CODE § 2923.7**

Plaintiffs clearly misread the requirements of Civil Code § 2923.7.  In their
Opposition they correctly quote § 2923.7 as stating: "Upon request from a borrower who
requests a foreclosure prevention alternative, the mortgage servicer shall promptly
establish a single point of contact and provide to the borrower one or more direct means
of communication with the single point of contact.  Civ. Code § 2923.7(a) (emphasis
added).  Yet, they contend that they requested a loan modification in January 2013, and
therefore, Wells Fargo was required to appoint a single point of contact.  (Opp. p. 17:6-
20).  However, the statute uses the word "request" twice.  It is not simply redundant.  It
means if a borrower, who has requested a foreclosure prevention alternative, requests a
single point of contact, then the servicer must assign a single point of contact.  Thus,
Civil Code § 2923.7 only requires the servicer to establish a single point of contact if the
borrower requests one.  Here, plaintiffs make it clear that they did not request a single

point of contact.  They only requested a foreclosure prevention alternative.  Thus, there was no violation of Civil Code § 2923.7.   Moreover, if they were informed that they did not qualify for a modification and could not apply under HARP, what was the need for a single point of contact?  Thus, plaintiffs fail to allege any violation of section 2923.7, and certainly have not alleged a material violation.

## 6.   PLAINTIFFS FAIL TO STATE A CLAIM UNDER RESPA

### A.   The June 26, 2013 Letter Is Not An Actionable QWR.

Plaintiffs attempt to establish the June 26, 2013 letter sent to Wells Fargo as a QWR by totally ignoring the fact that the letter is more than 15 pages demanding production of an extensive list of document categories and responses to questions about the origination, supposed securitization, and other general information the loan.  (Comp. Exh. 2).  As numerous courts have found with similar requests, this is an improper attempt at discovery and does not qualify as an actionable QWR.

As the court in *Wende v. Countrywide Home Loans*, 2012 U.S. Dist. LEXIS 25503, at *11-*12 (S.D. Cal. Feb. 28, 2012) explained:

> Plaintiff effectively demands anything that relates to his loan from its inception through July 2009, and in some requests, beyond. Such requests lack sufficient detail under RESPA and do not fall within its confines. *See, e.g., Junod v. Dream House Mortg. Co.,* No. CV 11-7035, 2012 U.S. Dist. LEXIS 3865, 2012 WL 94355, at *4 (C.D. Cal. Jan. 5, 2012) (dismissing RESPA claim because plaintiff's alleged QWR requests did not relate to loan servicing and because the requests fell outside the scope of RESPA); *Derusseau v. Bank of Am., N.A.,* No. 11 CV 1766, 2011 U.S. Dist. LEXIS 136508, 2011 WL 5975821, at *4 (S.D. Cal. Nov. 29, 2011) (finding that a QWR that requests "anything" related to the loan is not covered by *§ 2605*).

Here, plaintiffs' letter was similar to the letters in *Wende and Junod.*  Plaintiffs cannot dispute that the June 26, 2013 letter effectively seeks all information that relates to the loan since its inception.  *See* Mot. pp. 14:10-15:13 (citing letter and quoting excerpts thereof).  The above-cited authorities, among others, demonstrate that such letter cannot serve as the basis of a RESPA claim and Wells Fargo was not required to

1   respond.

2       Moreover, plaintiffs fail to allege any actual damages resulting from the alleged

3   RESPA violations.  Although the case cited by plaintiffs questioned whether RESPA

4   requires allegations of pecuniary damages, it recognized that numerous courts require

5   such allegations.  *Agustin v. PNC Fin. Servs. Grp., Inc.* 707 F. Supp. 2d 1080, 1091 (D.

6   Haw. 2010).  Indeed, Wells Fargo cited several other cases requiring a plaintiff to plead

7   actual pecuniary damages to state a RESPA claim.  *Tasaranta v. Homecomings Fin.*,

8   2009 U.S. Dist. LEXIS 87372, at *11 (S.D. Cal. Sept. 21, 2009) ("Plaintiffs do not

9   allege any damage as a result of the alleged failure to provide the required notice. See 12

10  U.S.C. § 2605(f)(1) (borrow can recover 'any actual damages to the borrow as a result of

11  the failure').");  *Jelsing v. MIT Lending*, 2010 U.S. Dist. LEXIS 68515, at *5 (S.D. Cal.

12  July 9, 2010) (Conclusory allegations that plaintiffs "were harmed and were unable to

13  evaluate the Loans or correct their account" held insufficient to plead damages, an

14  essential element of a RESPA claim"); *Allen v. United Fin. Mortg. Corp.*, 660 F. Supp.

15  2d 1089, 1097 (N.D. Cal. 2009) ("Allen only offers the conclusory statement that

16  'damages consist of the loss of plaintiff's home together with his attorney fees.' Compl.

17  P 38. He has not actually attempted to show that the alleged RESPA violations caused

18  any kind of pecuniary loss (indeed, his loss of property appears to have been caused by

19  his default).").  This Court should follow the majority of courts requiring allegations of

20  actual damages caused by the alleged RESPA violation.

21      Here, plaintiffs do not plead any damages resulting from the alleged failure to

22  respond to the July 26, 2013 letter.  Plaintiffs' Opposition fails to show how the alleged

23  failure to provide a copy of the Note and Deed of Trust caused plaintiffs to incur

24  expenses to clear title to the Property.  (Opp. p. 6-10; FAC ¶107).  As stated in the

25  Motion, plaintiffs admit that they obtained the loan for $368,000.00 and signed the Note

26  and Deed of Trust in 2007.  (FAC ¶14).  Thus, they admit to creating a cloud (lien) on

27  their title.  Plaintiffs do not allege that they paid off the loan, and in fact, admit that they

28  suffered a reduction in income which affected their ability to make their loan payments.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Thus, plaintiffs fail to plead actual damages resulting from Wells Fargo's alleged failure to provide copies of the Note and Deed of Trust.

### 7. <u>PLAINTIFFS FAIL TO STATE A CLAIM FOR FRAUD IN THE INDUCEMENT</u>

In the Opposition, plaintiffs seek to avoid the obvious statute of limitations by concluding that "Defendants continued to actively conceal and misrepresent facts to Plaintiffs through at least November 2011." (Opp. p. 20:18-27). However, just like in the FAC, plaintiffs fail to allege any facts showing what was concealed and how it was concealed. Indeed, plaintiffs claim they were fraudulently induced into entering into the loan on September 23, 2007 and that defendants "falsely asserted to Plaintiffs that their interest rate and payments would be fixed for five (5) years." (FAC ¶111). Yet, plaintiffs allege that the loan increased after the first year. (FAC ¶15). Thus, according to plaintiffs, in 2008, they became aware of facts that put them on notice of any alleged misrepresentation. Therefore, plaintiffs' fraud claim was barred after 2011. Since they did not file the Complaint until November 21, 2013, the claim is time-barred.

Moreover, plaintiffs still do not provide the specificity required under Rule 9(b). The Opposition simply repeats the allegations in the FAC, which as briefed in the Motion (at pp. 19:5-21:15) fail to satisfy the specificity requirements. Not only do plaintiffs fail to provide the names and authority of any of the alleged representatives, they fail to plead any actionable or false representations that resulted in damage to plaintiffs. Wells Fargo did not cause plaintiffs to default on their loan. Nor did it make any false representations. Plaintiffs allege that they were told if they were having problems they could call and renegotiate the loan or refinance. Plaintiffs allege that they accepted a trial period plan modification. Thus, there was no false representation.

Further, the general rule with respect to fraud claims is that opinions are not actionable. "The law is quite clear that expressions of opinion are not generally treated as representations of fact, and thus are not grounds for a misrepresentation cause of action. (BAJI No. 12.32; see generally 5 Witkin, Summary of Cal. Law (9th ed. 1988)

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  Torts, § 678, pp. 779-780 .)" *Neu-Visions Sports v. Soren*, 86 Cal. App. 4th 303, 308

2  (2000); *see also Padgett v. Phariss*, 54 Cal. App. 4th 1270, 1284 (1997) (real estate

3  broker's opinion as to fair market value of real property not actionable).  "Moreover, the

4  representation must ordinarily be about past or existing facts; predictions about future

5  events, or statements about future action by some third party, are deemed opinions, and

6  not actionable fraud."  5 Witkin Sum. Cal. Law Torts § 774 (10th Ed. 2008) (citations

7  omitted); *see also Garcia v. Ocwen Loan Serv'g, LLC,* 2010 U.S. Dist. LEXIS 45375, at

8  *5-*6 (N.D. Cal. May 6, 2010) (lender's statements regarding modification of a loan

9  were not actionable because the "alleged misrepresentations involve promises regarding

10 future events rather than representations of past or existing facts."); *Neu-Visions Sports*,

11 86 Cal. App. 4th at 307 (alleged misrepresentations about value of property to be used to

12 obtain loan and whether lessor would have clear title at time of financing were opinions

13 about future events).  Here, plaintiffs allege nothing more than an opinion by unnamed

14 individuals about future events or actions by a third party (i.e. the ability of plaintiffs to

15 renegotiate or refinance the loan in the future).  Thus, plaintiffs' claim is not actionable.

16     Moreover, plaintiffs fail to allege any reliance resulting in damages.  Plaintiffs do

17 not allege that Wells Fargo caused them to default on their loan or prevented them from

18 reinstating their loan.  They also fail to explain how making modified payments (paying

19 less than originally owed) caused them damages.  *See Rossberg v. Bank of America,*

20 *N.A.,* 219 Cal. App. 4th 1481, 1499-1500 (2013) ("Significantly, the Rossbergs do not

21 allege their reliance on the promised loan modifications caused them to default on their

22 loans or prevented them from curing their existing defaults.  In short, the Rossbergs

23 failed to allege any connection between their reliance on the promised loan

24 modifications and any specific damages that reliance caused. … Moreover, the

25 Rossbergs fail to explain how continuing to pay on their loans caused them damages

26 when BofA credited those payments toward the amount they undisputedly owed and

27 allowed them to remain in their home."); *Reyes v. Wells Fargo Bank, N.A.,* 2011 U.S.

28 Dist. LEXIS 2235 (N.D. Cal. Jan. 3, 2011) ("It is well established that where the money

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

CASE NO.: CV13-9431 CAS (FFMX)
REPLY IN SUPPORT OF DEF. WELLS FARGO'S
MOTION TO DISMISS FAC

1   paid under an agreement was already owed under a prior agreement, it is not

2   consideration and cannot support a claim for damages").

3        Finally, plaintiffs are required to tender the indebtedness.  In the Opposition,

4   plaintiffs contend a tender requirement is inappropriate because this case arose pre-

5   foreclosure, citing cases in support thereof.  However, plaintiffs fail to address the fact

6   that the remedy for fraud in the inducement is rescission of the contract, which

7   necessarily requires restoration of the amount due on the loan.  Civ. Code §§ 1689 &

8   1691; *Touli v. Santa Cruz County Title Co*., 20 Cal. App. 2d 495, 499-500 (1937) ("one

9   is not entitled to relief in a court of equity who refuses to do equity on his part"; court

10  held one cannot rescind a contract without restoring everything of value he received).

11  Here, plaintiffs have not tendered what is owed on the loan, nor do they plead an ability

12  to do so.  Therefore, plaintiffs' fraud in the inducement claim fails.

### 8.   PLAINTIFFS' BREACH OF IMPLIED COVENANT CLAIM FAILS

14       Nothing in the Opposition salvages plaintiffs' fatally deficient claim for breach of

15  implied covenant of good faith and fair dealing.  As stated in the Motion (at p. 22:6-8),

16  plaintiffs fail to plead any facts showing how Wells Fargo unfairly interfered with their

17  right to receive the benefits of the Note and Deed of Trust.  As was done in the FAC, the

18  Opposition simply reasserts the allegations which form the basis of their other claims.

19  (Opp. p. 23:18-24).  Since the breach of implied covenant claim echoes plaintiffs' other

20  claims, it fails on the same grounds and is duplicative.

21       Moreover, plaintiffs fail to address any of the other substantive arguments raised

22  in the Motion (at pp. 22:15-23:9), and therefore concede such arguments.  Namely, that

23  there is no provision in the contract limiting the assignment of the loan, requiring their

24  consent, or requiring the exploration of options to avoid foreclosure or assessing

25  plaintiffs' financial situation.  Plaintiffs agreed to a future assignment of the loan.  (Mot.

26  p. 22:15-24; RJN Exhs. A, p. 1, ¶1 and B, p. 1, ¶1(C), p. 8 ¶11).  An implied covenant

27  claim cannot be based on extra-contractual statutory duties.  Nor can it prevent Wells

28  Fargo from taking action it was expressly permitted to do under the loan agreement, *i.e.*

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  non-judicial foreclosure. (RJN Exh. B – DOT ¶28, p. 13). *See Carma Developers, Inc.,*

2  2 Cal. 4th at 374 (implied terms should never be read to vary express terms). Finally,

3  plaintiffs admit that they breached the loan agreement. (FAC ¶¶31-32, 34).

4      Accordingly, plaintiffs fail to state a claim for breach of the implied covenant of

5  good faith and fair dealing.

6  **9.**  **PLAINTIFFS FAIL TO STATE A VIOLATION OF BUSINESS &**

7  **PROFESSIONS CODE § 17200 *ET SEQ.***

8      In their Opposition, plaintiffs confuse the standing requirement with the

9  requirement to state a basis for a claim for violation of Business & Professions Code §

10  17200 relying on *Glaski, supra,* 218 Cal. App. 4th at 1101. (Opp. p. 24:4-24). Yet, here,

11  plaintiffs fail to allege either requirement. It is clear that the § 17200 is based on their

12  other claims for relief, particularly the void transfer. (Opp. p. 24:8-9, 19-22). Thus, as

13  briefed above and in the Motion, since those claims fail, plaintiffs' § 17200 claim also

14  fails. *Williams v. Wells Fargo Bank, NA,* 2013 U.S. Dist. LEXIS 68615, at *13 (C.D.

15  Cal. May 13, 2013) ("Plaintiff's pleadings fail to allege any unlawful business practices

16  that are not tied to his already-dismissed Section 2923.5 claim, and so this claim must be

17  dismissed."); *Cerecedes v. U.S. Bankcorp,* 2011 U.S. Dist. LEXIS 75559, at *15-*17

18  (C.D. Cal. July 11, 2011) (Section 17200 claim dismissed where plaintiffs failed to

19  allege an independent claim for violations of California's non-judicial foreclosure

20  scheme, Cal. Civ. Code §§ 2923.5, 2924-29241).

21      Moreover, plaintiffs fail to plead any facts showing they suffered injury in fact

22  and lost money and property as a result of any conduct by Wells Fargo in violation of §

23  17200. Nor does the Opposition challenge the fact that any injury and loss would have

24  been caused by plaintiffs' failure to make the mortgage payments as promised.

25  **10.  PLAINTIFFS' CLAIM FOR DECLARATORY RELIEF FAILS**

26      Plaintiffs' Opposition does nothing to salvage the defective claim for declaratory

27  relief. It is settled that a claim for declaratory relief is not to be used for the purpose of

28  determining an issue which can be determined in the main action. The object is "not to

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

furnish a litigant with a second cause of action for the determination of identical issues." *Cal. Ins. G'tee Assn. v. Sup. Ct.,* 231 Cal. App. 3d 1617, 1623-1624 (1991). Indeed, where the language of the declaratory relief claim shows that it was wholly derivative of the other causes of action, such claim is properly dismissed. *Swartz v. KPMG LLP*, 476 F.3d 756, 765-66 (9th Cir. 2007) ("To the extent [plaintiff] seeks a declaration of defendants' liability for damages sought for his other causes of action, the claim is merely duplicative and was properly dismissed."); *Ochs v. PacifiCare of Cal.,* 115 Cal. App. 4th 782, 794 (2004).

Here, plaintiffs' declaratory relief claim is merely duplicative of the first claim disputing Wells Fargo's standing, and as briefed above, it fails to state a viable claim against Wells Fargo. Thus, there is no "ongoing controversy" between the parties and the ninth claim for relief should be dismissed.

Moreover, as numerous courts have recognized, declaratory relief is a remedy, not an independent claim for relief. *Javaheri*, *v. JPMorgan Chase Bank, N.A.,* 2012 U.S. Dist. LEXIS 114510, at *23-*24 (C.D. Cal. Aug. 13, 2012) ("Claims for declaratory and injunctive relief are ultimately prayers for relief, not causes of action. [Plaintiff] is not entitled to such relief absent a viable underlying claim."); *Pazargad v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 94850, at *6-*7 (C.D. Cal. Aug. 23, 2011) ("Declaratory relief is not an independent claim, rather it is a form of relief."); *Santos v. Countrywide Home Loans*, 2009 U.S. Dist. LEXIS 103453, at *13 (E.D. Cal. Nov. 6, 2009) ("Declaratory and injunctive relief are not independent claims, rather they are forms of relief."). Further, a motion to dismiss is appropriately granted if the facts (as pled or judicially noticed) establish that a plaintiff has no right to the declaration sought. *United States v. Washington*, 759 F.2d 1353, 1353 (9th Cir. 1985). Here, as discussed above and in the Motion, no controversy exists for which this Court can grant relief.

## 11.   <u>PLAINTIFFS FAIL TO STATE A CLAIM FOR QUIET TITLE</u>

Plaintiffs fail to state any legal or factual basis to quiet title in their favor. Contrary to plaintiffs' contentions, lack of authority to foreclose and violations of Civil

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   Code §§ 2923.55 and 2924 do not provide a basis for plaintiffs to quiet title to the

2   subject property.  Further, plaintiffs admit that they signed a Deed of Trust securing the

3   loan they obtained from World Savings.  (FAC ¶14).  As discussed above and in the

4   Motion, Wells Fargo owns plaintiffs' loan as the successor in interest to Wachovia

5   Mortgage, formerly World Savings, the original lender.  Thus, Wells Fargo clearly has a

6   legal interest in the property.

7         Moreover, plaintiffs' failure to tender the indebtedness conclusively defeats their

8   claim for quiet title.  Their reliance upon cases excusing tender is to no avail because

9   such cases involve efforts to challenge foreclosure proceedings.  Here, plaintiffs seek to

10   quiet title against their lender, and as the California Supreme Court made clear:  "It is

11   settled in California that a mortgagor cannot quiet his title against the mortgagee without

12   paying the debt secured."  *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934).  In *Aguilar*

13   *v. Bocci*, 39 Cal. App. 3d 475, 477 (1974)*, the plaintiff owed a debt to the defendant,

14   which was secured by real property, and the court noted that the borrower cannot quiet

15   title without discharging his debt.  "The cloud upon his title persists until the debt is

16   paid."  *Id.* at 477-78.  This has also been confirmed by the District Court in *Rosenfeld v.*

17   *JPMorgan Chase Bank, N.A*., 732 F. Supp. 2d 952, 975 (N.D. Cal. 2010) (citation

18   omitted), which held that, "it is dispositive as to this claim that, under California law, a

19   borrower may not assert 'quiet title' against a mortgagee without first paying the

20   outstanding debt on the property", noting that "[a] basic requirement of an action to

21   quiet title is an allegation that plaintiffs 'are the rightful owners of the property, *i.e*., that

22   they have satisfied their obligations under the deed of trust.'"

23         Here, plaintiffs' case is not distinguishable on any notable ground.  Plaintiffs

24   admittedly owe a debt secured by real property, and breached their contract by failing to

25   make the loan payments, entitling Wells Fargo to foreclose on the security property.

26   Plaintiffs cannot seek the aid of equity to quiet title without discharging their debt.

27   Indeed, there is nothing inequitable about requiring plaintiffs to satisfy their loan before

28   they are entitled to have title to the property quieted in their favor.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

### 12.  **CONCLUSION**

For the foregoing reasons, as well as those stated in the Motion, Wells Fargo respectfully requests an order dismissing the first through tenth claims for relief in the FAC without leave to amend as any effort to amend would be futile.  While plaintiffs make a conclusory request for leave to amend, they offer no explanation how they would cure defects in the FAC.  In such circumstances, leave to amend should be denied.  *See U.S. Care, Inc. v. Pioneer Life Ins. Co.*, 244 F. Supp. 2d 1057, 1061, 1065 (C.D. Cal. 2002) ("Plaintiff has requested that if the court grants Defendants' motion, the court allow Plaintiff to amend the Complaint.  Plaintiff has not suggested that it can allege additional facts which support its claim for relief. '[A] bare request in an opposition to a motion to dismiss -- without any indication of the particular grounds on which the amendment is sought -- does not constitute a motion within the contemplation of Rule 15(a).'  Accordingly, the court DENIES Plaintiff's request to amend the Complaint.") (citations omitted).

Respectfully submitted,

Dated: February 24, 2014

ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP

By:  ____*/s/ Lynette Gridiron Winston*____
Lynette Gridiron Winston
lwinston@afrct.com
Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a WORLD SAVINGS BANK, FSB (also erroneously sued separately as WORLD SAVINGS BANK, FSB)

1

**CERTIFICATE OF SERVICE**

2

3

4

I, the undersigned, declare that I am over the age of 18 and am not a party to this action.  I am employed in the City of Pasadena, California; my business address is 199 S. Los Robles Avenue, Suite 600, Pasadena, California  91101-2459.

5

On February 24, 2014, I served the foregoing document entitled:

6

7

**REPLY IN SUPPORT OF DEFENDANT WELLS FARGO'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

8

9

on the interested parties in said case as follows:

10

**Served Electronically Via The Court's CM/ECF System:**

11

12

*Counsel for Plaintiffs*
*Marques Houston and Alma Houston:*

13

14

15

Stephen R. Golden, Esq.
STEPHEN R. GOLDEN & ASSOCIATES
600 N. Rosemead Boulevard, Suite 100
Pasadena, CA  91107

16

17

Tel: (626) 584-7800      Fax: (626) 568-3529

18

businesslaw@stephenrgolden.com

19

20

21

22

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. This declaration is executed in Pasadena, California, on February 24, 2014.

23

24

25

| _____Jill Ashley_____ | _____/s/ Jill Ashley_____ |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP